CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
02/19/2018
JULIA C. DUDLEY, CLERK
BY: s/ F. COLEMAN
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| ATLANTIC COAST PIPELINE, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>27.85 ACRES, MORE OR LESS, IN BATH COUNTY, VIRGINIA, *ET AL.*,<br><br>*Defendants.* | CASE NO. 5:18–CV–00032<br><br><br>ORDER<br><br><br><br>JUDGE NORMAN K. MOON |

This case is before the Court on Defendants' motions to suspend briefing, set a scheduling conference, continue a hearing set for February 26, 2018, and permit expedited discovery. (Dkt. 13). The February 26th hearing pertains to Plaintiff's motion for summary judgment and immediate possession in this and other related cases. (Dkt. 12). I previously granted expedited discovery in five of those related cases. *See* Case No. 6:18–CV–00012 (W.D. Va.); Case No. 6:17–cv–00085 (W.D. Va.); Case No. 6:17–cv–00087 (W.D. Va.); Case No. 5:18-cv-00009 (W.D. Va.); Case No. 5:18-cv-00016 (W.D. Va.). The parties in those five related cases either have or will shortly exchange discovery.

Defendants' request for discovery is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff is **ORDERED** to provide to Defendants, on or before February 21, 2018, all non-parcel specific discovery responses that have been or will be produced in the five related cases reference above.[1] As for information pertaining to the particular property at issue here, Plaintiff is **ORDERED** to provide to Defendants, on or before February 21, 2018, the same types of

---

[1] This command is consistent with cross-case sharing of discovery contemplated at February 16, 2018 telephone hearing on discovery in the five related cases.

1

parcel-specific information (*e.g.*, appraisals, alignment sheets, *etc.*) that have been or will be produced to the defendants in the five related cases. If Defendants seek additional discovery beyond that mentioned above, they must first obtain leave of court through a motion (1) setting forth, verbatim, the specific discovery they wish to propound and (2) explaining the relevance of each request.

Consistent with my prior rulings in related cases, the requests to postpone the February 26th hearing and suspend briefing are **DENIED**. *See Atl. Coast Pipeline, LLC v. 0.07 Acre, more or less, in Nelson Cnty., Va. et al.*, Case No. 3:18-cv-00006, Dkt. 14, (W.D. Va. Feb. 14, 2018); *Atl. Coast Pipeline, LLC v. 11.16 Acres, more or less, in Augusta Cnty., Va. et al.*, Case No. 5:18-cv-00009, Dkt. 22, (W.D. Va. Feb. 7, 2018); *see also Mtn. Valley Pipeline, LLC v. Easements to Construct, Operate, and Maintain a Natural Gas Pipeline, et al.*, Case No. 7:17-cv-00492, Dkt. 339 (W.D. Va. Jan. 31, 2018) (discussing ability to address summary judgment notwithstanding existence of outstanding pleadings).[2] Nonetheless, good cause exists to amend the deadline for Defendants' response brief to the motion for summary judgment. It is thus **ORDERED** that Defendants' response brief is due on or before Friday, February 23, 2018. The request for a scheduling conference is **DENIED**.

The Clerk is directed to send a certified copy of this Order to counsel of record.

Entered this  19th day of February, 2018

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE.

---

[2] Nothing in this Order, though, is meant to express or imply a view on (or otherwise foreclose Defendants from raising at the hearing) arguments against the procedural or substantive propriety of relief sought by Plaintiff.